UNITED STATES of America, Appellee,

v.

Gregory BILYK, Appellant.

No. 91–2007.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1991.

Decided Nov. 14, 1991.

**260**

Scott F. Tilsen, Minneapolis, Minn., argued (Sanford Hendrickson, Minneapolis, Minn., on brief), for appellant.

Michael Ward, Minneapolis, Minn., argued (Elizabeth de la Vega and Scott Craven, Minneapolis, Minn., on brief), for appellee.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

BRIGHT, Senior Circuit Judge.

In 1990, police arrested Bilyk for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g), 924(e)(1) (1988). The district court[1] found him not guilty by reason of insanity and ordered him committed pursuant to 18 U.S.C. § 4242 (1988). At a subsequent hearing, the district court heard medical testimony on Bilyk's condition and ordered that his commitment be continued. Bilyk appeals the judgment, ar-

guing that the district court erred because he had proved by a preponderance of the evidence that he was not dangerous to society due to a mental illness or defect, 18 U.S.C. § 4243(d) (1988). We affirm.

## I. BACKGROUND

Bilyk has spent a major portion of his adult life incarcerated in prisons or committed to the Minnesota Security Hospital for perpetrating a variety of crimes, including arson, aggravated rape, burglary and assault. On February 8, 1990, police arrested Bilyk for making threatening phone calls to a woman acquaintance. As the police led Bilyk away, he told them not to forget his gun. Police found an unloaded .38 caliber revolver in Bilyk's house. The grand jury indicted him under 18 U.S.C. §§ 922(g), 924(e)(1) as a felon in possession of a firearm. Following the indictment, the district court ordered Bilyk committed to the custody of the United States Attorney General to determine his mental state at the time of commission of the offense.

Dr. James Steyaert, Chief of Psychology Services at the Federal Correctional Institute in Milan, Michigan, where Bilyk was committed, submitted a report to the district court. Steyaert concluded that Bilyk suffered from a severe mental disease and could not appreciate right from wrong at the time he committed the indicted crime. Based on Dr. Steyaert's conclusions, the district court on September 6, 1990 found Bilyk not guilty of the offense charged by reason of insanity. The district court committed Bilyk to the custody of the United States Attorney General for further examination.

Following Bilyk's commitment, the district court held a hearing to determine whether Bilyk's release would create "a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d) (1988). A number of experts had examined Bilyk and arrived at varying conclusions regarding

**1.** The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

his mental health. These experts testified at the hearing. Dr. Steyaert maintained his position that Bilyk suffered from a mental illness and his condition threatened society. Steyaert diagnosed Bilyk as suffering from schizophrenia. He stated that Bilyk hears voices and does not take responsibility for his own actions.

Dr. David Schlink, a clinical psychologist at the Springfield Medical Center, where Bilyk was committed after the district court's order, testified, opining that Bilyk does not have a mental disease or defect. However, Schlink stated that Bilyk suffers from alcohol dependence, is obsessive and has a personality disorder. Schlink also admitted that Bilyk may be dangerous if released.

Dr. Keith E. Hartman, a clinical psychologist designated by the district court to examine Bilyk, also concluded that Bilyk did not suffer from a mental illness or defect. However, Hartman testified that Bilyk suffers from a lack of "anxiety response" that most people feel when they enter dangerous situations, a personality disorder. Hartman also granted that Bilyk may pose a danger to society if released, but only by reason of his alcoholism, not due to a mental illness. The district court ruled that the evidence at the hearing was insufficient to establish Bilyk's entitlement to release and ordered Bilyk's commitment to continue. This appeal follows.

## II. DISCUSSION

Bilyk needed to prove by a preponderance of the evidence at his hearing that "his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243(d) (1988).[2] We apply the clearly erroneous standard in our review of

the district court's findings. *United States v. Steil*, 916 F.2d 485, 487 (8th Cir.1990).

Bilyk argues that because two of the three experts who examined him concluded that he did not suffer from a mental illness, the district court erred in finding him to be dangerous because of a mental illness or defect. We disagree with this contention. We note that Dr. Steyaert, the expert upon whom Bilyk relied for his insanity acquittal, has not changed his opinion as to Bilyk's mental condition and dangerousness. *See United States v. Wallace*, 845 F.2d 1471, 1475 (8th Cir.1988). The doctors who concluded that Bilyk did not have a mental illness did state that Bilyk suffered from a personality disorder. Given "the trial judge's awesome responsibility to the public to ensure that a clinical patient's release is safe," *United States v. Clark*, 893 F.2d 1277, 1282 (11th Cir.1990), the district court may reject experts' conclusions when their reasoning supports different results, *see id.* In this case, the district court did not err in finding that Bilyk suffered from a "mental defect." Given this, and that all the experts agree that Bilyk would be dangerous if released, the district court committed no error in its findings and conclusions.

## III. CONCLUSION

Affirmed.

2. Section 4243(d) reads:
   In a hearing pursuant to subsection (c) of this section, a person found not guilty only by reason of insanity of an offense involving bodily injury to, or serious damage to the property of, another person, or involving a substantial risk of such injury or damage, has the burden of proving by clear and convinc-

ing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect. With respect to any other offense, the person has the burden of such proof by a preponderance of the evidence.
18 U.S.C. § 4243(d) (1988).