**UNITED STATES of America, Appellee,**

v.

**Gregory BILYK, Appellant.**

**No. 93–4133.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1994.

Decided July 13, 1994.

---

7. We note that *Smith* was decided in 1984, seven years earlier than the Supreme Court's decision in *Touby.*

Virginia Villa, Minneapolis, MN, argued, for appellant.

Elizabeth L. De La Vega, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before LOKEN, Circuit Judge, BRIGHT and WEIS,* Senior Circuit Judges.

PER CURIAM.

## I.

Petitioner, Gregory Bilyk, appeals from the district court's order continuing his commitment based upon a finding of dangerousness due to a mental disease or defect, pursuant to 18 U.S.C. § 4243 (1988). In 1990, the district court found Bilyk not guilty by reason of insanity on a charge of being a felon in possession of a firearm. Following denial of his third motion for release, Bilyk contends that the district court's finding that he suffers from a mental disease or defect is clearly erroneous. We reverse and remand for further consideration by the district court under appropriate legal standards.

## II.

After finding Bilyk not guilty by reason of insanity in 1990, the district court ordered his commitment pursuant to 18 U.S.C. § 4243. At a subsequent hearing, the district court determined that Bilyk was dangerous due to a present mental disease or defect and continued his commitment. This court upheld that decision. *United States v. Bilyk*, 949 F.2d 259 (8th Cir.1991).

The facts underlying Bilyk's initial commitment are well detailed in our earlier decision, *Bilyk*, 949 F.2d at 260–61, and need not be restated.

The following facts have developed since the denial of Bilyk's motion for release in 1991. On January 23, 1992, the psychiatric staff at the Federal Medical Center in Rochester, Minnesota (FMC–Rochester) submit-

ted a psychiatric report to the district court pursuant to 18 U.S.C. § 4247 (1988). At that time the psychiatric staff believed that Bilyk did not suffer from any major mental illness and that any propensity for violence stemmed instead from a combination of aberrant personality traits in conjunction with alcohol abuse. Based upon the report, Bilyk moved for release. On July 15, 1992, the staff at FMC–Rochester filed an addendum to its report. The addendum suggested that Bilyk "might suffer from a major mental illness after all, specifically a delusional disorder of the erotomanic type." *See* Add. at 3. The staff made this diagnosis after Bilyk was reported to be making excessive contacts with a female nurse on the mental health unit. Bilyk's clinicians recommended to the district court that petitioner remain an inpatient for continued evaluation of the presence of a major mental illness. Following a hearing, the district court denied Bilyk's motion on October 23, 1992. Bilyk did not appeal that order.

On September 15, 1993, the staff at FMC–Rochester submitted another psychological report pertaining to Bilyk (prepared on September 13). The report provides in relevant part:

**OPINIONS AND RECOMMENDATIONS:** ....

With regard to the second factor [the individual's mental status or presence of a mental illness], *Mr. Bilyk does not appear to have a history of major mental illness.* Although he has reported experiencing auditory hallucinations in the past, (which is a symptom of a psychotic disorder), he has not displayed any of the accompanying signs of mental illness. Furthermore, Mr. Bilyk now acknowledges that he never actually experienced auditory hallucinations. He does have a severe antisocial personality disorder. However, unlike a mental illness, a personality disorder is a constellation of aberrant personality traits which tend to be socially dysfunctional. Specifically, Mr. Bilyk has a tendency to repeatedly perform antisocial and sometimes aggressive acts. The personality traits of

---

* The Honorable Joseph F. Weis, Jr., Senior United States Circuit Judge for the United States Court of Appeals for the Third Circuit, sitting by designation.

such individuals are generally non-responsive to psychiatric or psychological intervention. Mr. Bilyk also has an extensive history of severe alcohol dependence and a history of committing physically aggressive acts toward others while intoxicated.

In summary, Mr. Bilyk has a longstanding history of dangerous behavior toward others and a history of severe alcohol dependence, which are important risk factors for predicting future dangerousness. *However, he is not currently suffering from a major mental illness. It is, therefore, the panel's opinion that although Mr. Bilyk may again engage in antisocial behavior which may pose a danger to others, this risk factor is not due to mental disease or defect.*

Add. at 3–4 (emphasis added).

Relying upon this latest evaluation report, Bilyk brought a motion before the district court seeking discharge. Pursuant to an agreement by the parties, the case was heard only on petitioner's September 15 psychological evaluation report. The district court denied Bilyk's motion on December 23, 1993, based upon its determination that "there has been no change in the defendant's condition from October 23, 1993 [sic] [the district court denied Bilyk's last motion for discharge on October 23, 1992], to the present." *United States v. Bilyk*, No. 4–90–CR–42 (D.Minn. Dec. 23, 1993).

### III.

Bilyk argues on appeal that the district court clearly erred upon finding that he suffers from a mental disease or defect. In support of his position, Bilyk cites the opinion of the panel of clinicians, as stated in the September, 1993 annual psychological evaluation from FMC–Rochester, that his risk factor of dangerousness is not due to mental disease or defect. Accordingly, Bilyk contends he met his burden of proof[1] and is entitled to discharge pursuant to 18 U.S.C. § 4243(f).

The government opposes the motion, emphasizing facts previously relied upon to determine Bilyk's past dangerousness and the existence of a mental disease or defect. "The government argues ... that the district court's ruling is amply supported by evidence that Bilyk had auditory hallucinations in the past; that he had been diagnosed as a chronic schizophrenic and as erotomanic and by the continuing inference of mental illness that flows from a finding of not guilty by reason of insanity." Appellee's Br. at 12.[2]

The most recent psychological evaluation report indicates that Bilyk may likely pose some danger upon release. Nonetheless, acceptance of the government's position that, in effect, the past reports are conclusive would render §§ 4243(b) and 4247(b) and (c) (relating to psychiatric or psychological evaluations and reports) nugatory: if an inference of mental illness arising from a verdict of not guilty by reason of insanity, and a past diagnosis of mental illness, are sufficient to defeat a present diagnosis that the individual is not suffering from a mental illness, i.e., that the dangerousness risk factor is not due to mental disease or defect, then no rationale exists for periodically reevaluating the insanity acquittee's mental status.

Sections 4243 and 4247, taken together, necessitate rejecting the position urged by the government. In *Jones v. United States*, 463 U.S. 354, 363, 103 S.Ct. 3043, 3049, 77

---

1. Section 4243(d) sets forth the applicable burden of proof:

   In a hearing pursuant to subsection (c) of this section, a person found not guilty only by reason of insanity of an offense involving bodily injury to, or serious damage to the property of, another person, or involving a substantial risk of such injury or damage, has the burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect. With respect to any other offense, the person has the burden of such proof by a preponderance of the evidence.

   18 U.S.C. § 4243(d) (1988).

2. The government submitted to this court five volumes consisting of material pertaining to petitioner's commitment and his previous attempts seeking release. These materials are not part of the record on appeal. Fed.R.App.P. 10(a). Moreover, the district court must review a petition for release based upon whether the petitioner presently remains "in need of such custody for care or treatment...." § 4245(d).

L.Ed.2d 694 (1983), the Supreme Court recognized that a verdict of not guilty by reason of insanity establishes two facts: "(i) the defendant committed an act that constitutes a criminal offense, and (ii) he committed the act because of mental illness." However, while an "insanity acquittal supports an inference of continuing mental illness," *id.* at 366, 103 S.Ct. at 3050, that inference does not last indefinitely. *Foucha v. Louisiana,* —— U.S. ——, ——, 112 S.Ct. 1780, 1784, 118 L.Ed.2d 437 (1992). Otherwise, subsequent inquiry into an insanity acquittee's present mental state would be without force and render meaningless the directive that the government must release an insanity acquittee when the basis for holding him in a psychiatric facility disappears.[3]

The district court, although purporting to have considered the FMC–Rochester September 15, 1993 psychological evaluation report, concluded that Bilyk's condition had not changed since the date in which Bilyk's last request for release was denied. The district court erred on that basis. Accordingly, we reverse the district court's order and remand for a proper determination of whether the psychiatric record adduced after October 23, 1992 establishes by a preponderance of the evidence that petitioner's risk of dangerousness is due to a mental disease or defect. To the extent it deems appropriate, the district court should reopen the record to hear testimony of a medical witness or witnesses who have treated or evaluated Bilyk and to receive any other relevant evidence.

---

**3.** Furthermore, although future dangerousness may support detaining an individual, detention on that basis has only been permitted under certain, specifically delineated circumstances. *See Foucha,* —— U.S. at ——, 112 S.Ct. at 1786 (for example, pretrial detention based on future dangerousness is authorized by statute in only those cases involving "the most serious of crimes" and "narrowly focused on a particularly acute problem in which the government's interests are overwhelming").