Frank E. CHAPMAN, Jr., Appellant,

v,

STATE of Missouri, Respondent.

No. 58019.

Supreme Court of Missouri,
Division No. 2.

March 11, 1974.

Frank E. Chapman, Jr., pro se; Arley R. Woodrow, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Richard E. Vodra, Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Frank E. Chapman, Jr. has appealed from a judgment overruling his Rule 27.26, V.A.M.R. motion to vacate two judgments of conviction entered on pleas of guilty on October 6, 1961; one for first degree murder, with a sentence of life imprisonment; the other for first degree robbery, for which he was sentenced to 50 years' imprisonment. The sentences were ordered to run consecutively. We have jurisdiction by virtue of the en banc order of this Court entered April 9, 1973 relating to pending cases involving first degree murder.

For his first point appellant asserts that he was denied his right to effective counsel; that the lawyer assigned to his case conferred with him only once, on the day he entered his pleas of guilty; that his counsel made no reasonable independent investigation and research; filed no motion to suppress an incriminating statement, and failed to ascertain that appellant had been committed to and escaped from a mental institution.

The court's finding that appellant was not denied his constitutional right to the assistance of counsel is not clearly erroneous. There was evidence that appellant was questioned about the case by a representative of the Public Defender's office, while he was in jail; that the then Assistant Director of the Office of Public Defender represented appellant at the hearing when he pleaded guilty and at the subsequent court appearance when he was sentenced; that counsel went over all the facts pertaining to the case; that he discussed "the upper range" of punishment (death) if not the lower range (life); that in the file of the circuit attorney he saw a

written incriminating statement signed by appellant; that both charges facing appellant carried the maximum penalty, death; that considering the nature of the crimes charged there was a distinct possibility that he might receive the death penalty; that with 25 years' experience as a criminal lawyer he recommended that appellant plead guilty and that the case be referred to the probation office for a presentence investigation; that from observing appellant and looking at the file there was nothing to indicate that a mental evaluation was necessary; that he conferred with appellant's mother and sister, but neither appellant not his relatives reported any mental problems or institutional experience; that given some basis for believing that a mental evaluation was required to determine whether appellant's pleas were voluntary he would have requested a court order to obtain such an evaluation but he had no reason to believe that appellant had been in a mental institution or that such a request was called for.

The facts of which counsel was not apprised were that three years previously, at the age of 15 years, appellant, suffering from epilepsy, had been committed by the juvenile court to St. Louis State Hospital "for observation and diagnosis"; that he escaped after confinement in the institution for a year, was at large when arrested on the charges of murder and robbery, and was not discharged from the commitment by court order.

At the 27.26 hearing appellant stated that he was not claiming insanity at the time he pleaded guilty. His counsel denied that he was claiming that appellant was suffering from a mental disease at that time. Counsel stated that the question of appellant's incompetency at the time he pleaded was not being raised—that he was raising the question of *the lawyer's* incompetence. There is no evidence that at the time he entered the pleas appellant was insane or mentally incompetent; that he had a mental disease or defect excluding fitness to proceed; that as a result of such condition he lacked capacity to understand the proceedings against him or to assist in his own defense; that he did not know or appreciate the nature, quality, or wrongfulness of his conduct, or that he was incapable of conforming his conduct to the requirements of the law. Nor was there any evidence that the confession was given involuntarily because of threats, promises, coercion, ignorance of his rights, etc. In other words, nothing to suggest the advisability of filing a motion to suppress. According to counsel neither appellant nor his relatives gave counsel any intimation that appellant had epilepsy or had been sent to a mental hospital for observation and diagnosis.

 It was not incumbent upon counsel to conduct such a thorough and searching cross-examination of appellant as to pry out of him every facet of his past life, on the chance that an exhaustive interrogation might possibly elicit some pertinent fact. In discussing the case with an accused and his interested relatives counsel may reasonably assume that in the ordinary course of events he or they will freely divulge pertinent facts bearing upon his capacity to commit the crime. In the absence of some warning sign or suggestion of mental aberration there is no absolute or routine duty on counsel to initiate an independent investigation of the mental condition of an accused. While knowledge on the part of counsel of the epilepsy and commitment would have prompted further investigation, there is nothing to indicate that it would have revealed mental incompetence to proceed. Even now there is no such contention. The mere fact that a person has been committed by a court to a mental hospital for observation and diagnosis does not per se show mental disease or defect or make him incompetent as a matter of law to stand trial or plead. Appellant has not demonstrated that if granted a new trial he will adduce substantial evidence of a defensive nature not made available at the 1961 hearings because of failure of counsel to investigate. Accord-

ingly, appellant has failed to show that he was prejudiced by counsel's failure to ferret out the fact of commitment.

■ Appellant's second point is that the circuit court "erred "in overruling appellant's allegation that he had been committed to a mental institution at the time he pled guilty and therefore did not have the legal competence to plead one way or the other." Appellant makes the unwarranted assumption that the commitment without an order of discharge conclusively demonstrates legal incompetence. In his reply brief appellant takes the inconsistent position that he is not qualified to say whether he had the ability when he pled guilty to consult with his lawyer with a rational and factual understanding of the proceedings; that it would be a matter of conjecture and speculation for him to now claim that he was insane at that time. Appellant presents nothing on this appeal to indicate that there is any substantial prospect of discovering the existence thirteen years ago of a mental condition adversely affecting appellant's ability to enter voluntary, knowledgeable pleas. He makes no suggestion of the advisability or necessity of further mental examination. Appellant's over-all complaint is that because of counsel's failure to discover or try to discover and bring to the attention of the trial court appellant's prior medical record the court erred in concluding that he had effective assistance of counsel. It is noteworthy that at the 27.26 hearing appellant made no effort to introduce the medical record of his year's stay at the mental hospital, or to otherwise demonstrate that there was a substantial question of his mental competence at the time in question. As previously indicated, appointed counsel may not be convicted of ineffectiveness of representation on the basis that he failed to ascertain that two years previously his client was committed to a mental hospital for observation and diagnosis, when no hint of mental difficulties at the time was brought to counsel's attention from talking to his client, or from his client's appearance and demeanor, or from talking to his close relatives, or as a result of looking at the investigative files in the case. While diligence and competence is expected of appointed counsel he is not required at his peril to uncover the complete past history of his client, particularly when there is nothing to lead him into a particular line of inquiry.

■■ Appellant's third point is that the court erred in overruling his contention that he was promised a 20-year sentence during custodial interrogation, and was thereby induced to make the incriminating statement to the prosecuting attorney. There was no such evidence. Based on this failure of proof the circuit court made the following finding: "There is no evidence or testimony contained in the record of this hearing to substantiate this contention. Allegation (b) is, therefore, ruled against movant." Appellant contends that this finding is not in compliance with Rule 27.26(i); that findings of fact should be sufficiently explicit to give appellate courts a clear understanding of the basis of the trial court's decision, for the lack of which the appellate court may vacate the judgment and remand for supplemental findings of fact. We are at a loss to understand in what respect the finding is deficient; how it fails to demonstrate the basis for the ruling, or in what manner or form the court could have more clearly expressed a negative. This point is wholly devoid of merit.

No error appearing the judgment is affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

All of the Judges concur.