**STATE of Missouri, Plaintiff/Appellant,**

**v.**

**Stephen MOORE, Defendant/Respondent.**

**No. 71826.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 7, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., David R. Truman, Asst. Atty. Gen., Jefferson City, for plaintiff/appellant.

Michael P. Bastian, St. Louis, for defendant/respondent.

CRANE, Presiding Judge.

The state appeals the trial court's final order dismissing criminal charges against defendant, Stephen Moore, for an assault perpetrated while he was being treated at Malcolm Bliss Mental Health Center under a ninety day involuntary detention and treatment order. The state argues that the trial court misinterpreted Section 552.020.10(6)[1] in dismissing the criminal charges on the basis of the probate division's order appointing a guardian for defendant and without making a finding that defendant was incompetent to stand trial and there was no substantial probability that he would be mentally fit to

---

1. All statutory references are to RSMo (1994) unless otherwise noted.

proceed in the reasonably foreseeable future. We reverse and remand.

On June 22, 1995 the probate division of the Circuit Court of the City of St. Louis entered a ninety day involuntary detention and treatment order with respect to defendant pursuant to Chapter 632. The next day defendant assaulted Dr. Mikhail Vassilenko at Malcolm Bliss Mental Health Center. Defendant was thereafter transferred to Fulton State Hospital for treatment. The probate division of the Circuit Court of Callaway County subsequently entered a second ninety day order and thereafter a one year involuntary detention and treatment order.

On January 5, 1996, pursuant to a petition for appointment of guardian under Chapter 475, the probate division of the Circuit Court of the City of St. Louis found defendant to be "totally incapacitated by reason of Schizophrenia, paranoid type." The court found that defendant required placement in a supervised living situation with complete supervision and appointed the Public Administrator guardian of his person.

On March 26, 1996 defendant was indicted by a St. Louis grand jury for the class B felony of assault in the first degree, in violation of Section 565.050, for the June 23, 1995 assault on Dr. Vassilenko. On May 29, 1996 the state filed a motion for the appointment of a psychiatrist in the criminal case for an examination pursuant to Section 552.020.2 and a written report in compliance with Section 552.020.3. The court granted the motion, removed the case from the trial docket, and placed it on the mental examination docket. The court committed defendant to the Department of Mental Health for mental examination and evaluation pursuant to Sections 552.020 and 552.030.

On August 28, 1996 defendant filed a motion to dismiss the criminal charges. As grounds for his motion, defendant set out Section 552.020.10(6) and pleaded and attached the January 5 order of the probate division. He claimed that Section 552.020.10(6) compelled dismissal of the charges against him because of the probate division's finding that he was incapacitated.

On November 27, 1996 the written psychiatric report ordered by the court was filed with the court. Dr. Richard G. Scott diagnosed defendant with schizophrenia, paranoid type, continuous. Dr. Scott found that defendant was able to understand the nature of the proceedings against him and to assist in his defense. Dr. Scott further opined, with a reasonable degree of psychological certainty, that defendant was incapable of knowing and appreciating the nature, quality and wrongfulness of his conduct.

On December 19, 1996 the trial court heard defendant's motion to dismiss. The probate division order dated June 22, 1995 finding defendant mentally ill was filed with the trial court as was the Callaway County probate order. The trial court sustained the motion to dismiss. The state appeals from that order.

■ In its sole point on appeal the state asserts that the trial court misinterpreted Section 552.020 in dismissing the indictment. The state argues that the trial court could not dismiss the charges against defendant under Section 552.020.10(6) unless and until the court had found him incompetent to stand trial and a substantial probability existed that he would be incompetent to stand trial in the reasonably foreseeable future.

■ In construing statutes we ascertain the intent of the legislature from the language used, considering the words in their plain and ordinary meaning, and we give effect to that intent if possible. *Delta Air Lines, Inc. v. Director of Revenue*, 908 S.W.2d 353, 355 (Mo. banc 1995). A statute's provisions must be construed and considered together and, if possible, all provisions must be harmonized and every clause given some meaning. *Wollard v. City of Kansas City*, 831 S.W.2d 200, 203 (Mo. banc 1992). We presume that the legislature does not enact meaningless provisions. *Id.* We further presume that the legislature does not intend an unreasonable or absurd result but rather intends a logical result. *David Ranken, Jr. Technical Inst. v. Boykins*, 816 S.W.2d 189, 192 (Mo. banc 1991).

Chapter 552 addresses criminal proceedings involving mental illness. Section

552.020 covers a defendant's lack of mental capacity to understand the proceedings against him or assist in his own defense. Section 552.020.1 provides that no person who as a result of mental disease or defect lacks the capacity to understand the proceedings against him or assist in his own defense shall be tried, convicted or sentenced so long as the incapacity endures. Sections 552.020.2 through 552.020.4 establish the procedure and format for a psychiatric evaluation and report. Sections 552.020.6 and 552.020.7 cover the procedures for obtaining a second examination, if requested, and the basis on which the trial court can make its findings on whether the accused is competent to stand trial. If the court determines that the accused lacks the mental fitness to proceed, the criminal proceedings shall be suspended and the court shall commit the accused to the department of mental health. Section 552.020.8. Section 552.020.10(6), on which defendant relies, provides as follows:

10. The following provisions shall apply after a commitment as provided in this section:

\* \* \* \* \* \*

(6) If it is found that the accused lacks mental fitness to proceed and there is no substantial probability that the accused will be mentally fit to proceed in the reasonably foreseeable future, the court shall dismiss the charges and the accused shall be discharged, unless proper proceedings have been filed under chapter 632 or chapter 475, RSMo, in which case those sections and no others will be applicable. The probate division of the circuit court shall have concurrent jurisdiction over the accused upon the filing of a proper pleading to determine if the accused shall be involuntarily detained under chapter 632, RSMo, or to determine if the accused shall be declared incapacitated under chapter 475, RSMo, and approved for admission by the guardian under section 632.120 or 633.120, RSMo, to a mental health or retardation facility. When such proceedings are filed, the criminal charges shall be dismissed when the court makes its findings on whether the accused is mentally ill and should be committed or whether he is incapacitated and should have a guardian appointed.

Defendant argues that this subsection requires the trial court to dismiss the criminal charges where defendant is under order of commitment and guardianship by the probate division. We disagree.

Section 552.020.10, by its own terms, applies after a commitment under Section 552.020. Subsection (6) thereof sets out the procedure to be followed if the court has found that "the accused lacks mental fitness to proceed and there is no substantial probability that the accused will be mentally fit to proceed in the reasonably foreseeable future." If the court makes that finding, the criminal charges are to be dismissed and the defendant is to be discharged *unless* proceedings are filed in the probate division for involuntary detention or commitment. In such case, the criminal charges are to be dismissed when the probate division makes its findings. The subsection allows the probate division proceedings to go forward with respect to a defendant found incompetent to stand trial; it does not provide for a defendant who has been involuntarily detained or declared incapacitated by the probate division to have criminal charges dismissed on that basis. Until the trial court makes the findings set out in the first sentence of Section 552.020.10(6), there can be no dismissal of criminal charges under that section.

The trial court did not find that the defendant lacked the mental fitness to proceed and that there was no substantial probability that he would be mentally fit to proceed in the reasonably foreseeable future. It therefore erred in dismissing the criminal charges.

The judgment of the trial court is reversed and the case is remanded.

RHODES RUSSELL and JAMES R. DOWD, JJ., concur.