**STATE of Missouri, Respondent,**

v.

**William NASH, Appellant.**

**No. WD 54494.**

Missouri Court of Appeals,
Western District.

May 5, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 30, 1998.

Application for Transfer Denied
Aug. 25, 1998.

Anita Burns, Liberty, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Loren T. Israel, Asst. Atty. Gen., Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., and HANNA and RIEDERER, JJ.

RIEDERER, Judge.

On January 14, 1981, William Nash, Appellant, was charged by indictment with the crime of burglary in the second degree, a class C felony. Appellant pled not guilty by reason of mental disease or defect and was committed to the Missouri Department of Mental Health on November 17, 1981. In December of 1981, Appellant was granted a conditional release, during which he was convicted for delivery of marijuana and spent five years in the Moberly Correctional Center in Moberly Missouri. On February 23, 1990, Appellant was released on parole and was returned to the St. Joseph State Hospital for violating his conditional release. Appellant received another conditional release in October of 1990. On April 14, 1991, Appellant's release was revoked for a curfew violation and a positive urine test. On November 4, 1993, Appellant was charged with sexual assault of another patient at St. Joseph State Hospital. Following this charge, Appellant spent approximately nine months at St. Joseph State Hospital. Appellant was then sent to the Buchanan County Jail until the case was dismissed in January 1997. He then returned to St. Joseph State Hospital. In March of 1997, Appellant filed an application for unconditional release. A hearing was held on April 30, 1997. At the hearing, Dr. Rintu, Dr. Williams, and Dr. Suthikant testified. All of the doctors are from St. Joseph State Hospital and have treated Appellant. Appellant also testified. Dr. Kahn was the first witness. Dr. Kahn stated that Appellant's original diagnosis of schizophrenia has been removed from Appellant's records and that he does not think the diagnosis is appropriate. Dr. Kahn also testified that his most recent diagnosis of Appellant is 1) alcohol abuse and cannabis abuse; and 2)

anti-social personality disorder.[1] Dr. Kahn testified that anti-social personality is not a mental disease under Chapter 552.[2] Dr. Kahn stated that while he did not believe Appellant was a danger to himself, he did feel that Appellant's diagnosis of anti-social disorder could cause him to get into trouble with the law if Appellant did not address some of the issues that have caused him to get into trouble in the past. Dr. Kahn also said Appellant did not appear to be a violent person but if Appellant continued to exhibit behaviors such as the sexual assault of a patient, he would be a danger to society. Dr. Kahn also said that the Department of Mental Health has a policy where they would like to see at least two successful conditional releases or prior releases prior to supporting an unconditional release.

The second witness was Dr. Williams. Dr. Williams testified that the last time he evaluated Appellant was in June of 1995. Dr. Williams said after the evaluation he determined that Appellant had anti-social personality disorder, and that while Appellant had originally been diagnosed in the past as being schizophrenic, that diagnosis of schizophrenia in 1981 was not a correct diagnosis. Dr. Williams stated he did not find any psychosis. He concluded that Appellant was competent and that he did not need to stay in a state hospital.

The third witness was Dr. Suthikant. Dr. Suthikant testified that he treated Appellant from 1991 to 1993. Dr. Suthikant evaluated Appellant in December of 1991 and determined that Appellant had anti-social personality disorder, and that this disorder was not a mental disease or defect under Chapter 552. Dr. Suthikant testified that Appellant's original diagnosis of schizophrenia should have been induced psychosis. Dr. Suthikant further testified that he did not believe that Appellant was a violent person and that in his opinion, Appellant would not suffer from a mental disease or defect in the reasonable future.

The final witness to testify was Appellant. When Appellant was asked if he understood what his problem was, Appellant stated that he was gaining a better understanding of what anti-social personality disorder was. Appellant also stated that he did not have any concerns about his own safety as long as he is careful and follows the rules.

After taking the matter under advisement, the court denied Appellant's application for unconditional release. The court issued findings of fact and conclusions of law. The court determined that defendant offered no direct evidence of Appellant's mental condition in the reasonable future; Appellant does not have a mental disease or defect as defined by § 552.010 at the present time, but he is likely to commit crimes as a result of his anti-social personality disorder; Appellant has not successfully completed a conditional release; and that Appellant's anti-social personality disorder renders him dangerous to himself and others. This appeal ensued.

### Standard of Review

A trial court's decision will be reversed only if there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Marsh v. State*, 942 S.W.2d 385, 388 (Mo.App.1997) (*citing Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976 )). We accept as true the evidence, and all reasonable inferences drawn therefrom, favorable to the trial court's judgment and disregard all evidence to the contrary. *Woolsey v. Bank of Versailles*, 951 S.W.2d 662, 666 (Mo.App.1997).

### I.

Appellant claims in his sole point on appeal that the trial court erred in denying his application for unconditional release because evidence adduced during Appellant's hearing established that he met his burden of proof pursuant to § 552.040.7. Appellant also maintains that he was misdiagnosed and committed for schizophrenia, even though he never had schizophrenia and will not have it in the

---

1. There were some other incidental medical findings which are irrelevant to the issues of the appeal.

2. All statutory references are to RSMo 1994, unless otherwise indicated.

reasonable future, and that the actions of the trial court denied him his rights to due process and equal protection.

■ Section 552.040.5 allows a person committed to the Missouri Department of Mental Health, after being found not guilty of a crime by reason of mental disease or defect, to file an application for unconditional release. Under § 552.040.7:

The burden of persuasion for any person committed to a mental health facility under the provisions of this section upon acquittal on the grounds of mental disease or defect excluding responsibility shall be on the party seeking unconditional release to prove by a clear and convincing evidence that the person for whom unconditional release is sought does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering the person dangerous to the safety of himself or others.

Therefore, Appellant had the burden of proving, by clear and convincing evidence, that 1) he does not have a mental disease or defect rendering him dangerous to the safety of himself or others; and 2) he, in the reasonable future, is not likely to have such a mental disease or defect. Clear and convincing evidence is evidence that "instantly tilt[s] the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true." *Marsh,* 942 S.W.2d at 390.

■ "The determination of whether the evidence satisfies the conditions for release is made by the courts not the treating physicians." *Grass v. Nixon,* 926 S.W.2d 67, 70 (Mo.App.1996). The trial court properly found that Appellant "does not presently have a mental disease or defect." However, the trial court also found that no direct evidence was offered on Appellant's mental condition in the reasonable future and concluded Appellant did not prove by clear and convincing evidence that in the reasonable future he is not likely to have a mental disease or defect rendering him dangerous to himself or others. Thus, release was denied. This is error. Once the trial court found that the Appellant "does not presently have a mental

disease or defect," the trial court was bound to release Appellant.

■ The United States Supreme Court held in *Foucha v. Louisiana,* 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992), that it violates the Constitution to hold an individual who was dangerous to himself or others if that individual did not suffer from a mental disease or defect. The Missouri Supreme Court acknowledged the *Foucha* opinion and further determined that the burden placed upon insanity acquitees to prove that they no longer suffer from a mental disease or defect rendering them dangerous to themselves or to others under § 552.040 does not violate the Constitution. *State v. Tooley,* 875 S.W.2d 110, 113–14 (Mo.1994). Likewise, if it is determined that the acquittee is not suffering from a mental disease or defect, then he or she may no longer be confined. *Foucha,* 504 U.S. at 77–79, 112 S.Ct. at 1784. The due process rights of a person are violated if the state holds a person in a psychiatric facility when the person is no longer suffering from a mental disease or defect. *Id.* at 79–80, 112 S.Ct. at 1785.

■ The court in its conclusions of law found "in the present case, the evidence has shown that the defendant does not presently have a mental disease or defect." The evidence was clear and convincing that the Appellant no longer suffered from a mental disease or defect of any kind. As Dr. Kahn testified, Appellant may be a danger to others because of his abuse of alcohol and cannabis, and his anti-social personality; however, applicable law prohibits denying unconditional release unless a danger is tied to a mental disease or defect. All three doctors agreed that the original diagnosis of paranoid schizophrenia was wrong, and Dr. Kahn testified that this diagnosis had been removed from the Appellant's records. The testimony was unequivocal that the current diagnosis is alcohol and cannabis abuse, and antisocial personality disorder. These are not considered mental diseases or defects under Chapter 552. Dr. Williams testified that he did not find any psychosis present and concluded that Appellant did not need to stay in a

state hospital. Dr. Suthikant testified that he believed that in the reasonable future the Appellant would not suffer from a mental disease or defect as defined in Chapter 552. There was no testimony to counter the testimony of the three doctors that the Appellant does not now suffer from a mental disease or defect, nor is it likely in the reasonable future that he will suffer from a mental disease or defect. Therefore, the conclusion of the trial court that the defendant does not presently have a mental disease or defect is in conformity with all the evidence. This should have ended the matter.

In addition, however, the court found that Appellant had failed to prove by clear and convincing evidence that Appellant will not suffer a mental disease or defect in the future and found that there was no direct evidence on this issue. This finding has no bearing on the outcome of the case, and the denial of release on this basis is an erroneous application of the law.

This is not a case where the acquitee had a mental disease or defect upon admission to the state hospital. And this is not a case where the mental disease or defect was in remission or was currently asymptomatic. Rather, this is a case where the acquitee never did have a mental disease or defect and the evidence was clear and convincing that the acquitee, at the time of the hearing, did not have a mental disease or defect. In fact the court so found. Once the trial court concluded that the Appellant does not have a mental disease or defect, the trial court should have then ordered the unconditional release of the defendant. We conclude that the Appellant did prove by clear and convincing evidence that he does not have a mental disease or defect rendering him dangerous to the safety of himself or others. We therefore reverse the judgment of the trial court and remand this case to the trial court for the entry of a judgment granting the Appellant unconditional release.

LAURA DENVIR STITH, P.J., and HANNA, J., concur.