**STATE of Missouri, Plaintiff–Respondent,**

v.

**Stephen MOORE, Defendant–Appellant.**

**No. 74409.**

Missouri Court of Appeals,
Eastern District,
Division Five.

July 27, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 1, 1999.

Application for Transfer Denied Oct. 26, 1999.

Michael P. Bastian, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

ROBERT G. DOWD, Jr., Chief Judge.

Stephen Moore (Defendant) appeals from a judgment of conviction by a jury of one count of assault in the first degree, Section 565.050, RSMo 1994.[1] Defendant was sentenced as a prior offender to a prison term of eight years. Defendant contends the trial court erred in overruling his Motion for Judgment of Acquittal because (1) the court was without jurisdiction over Defendant; (2) Defendant was without the requisite "culpable mental state"; and (3) the evidence was insufficient to sustain the conviction. Defendant also contends the trial court erred in refusing to submit Defendant's requested jury instructions on diminished capacity, as well as the "complete pattern instruction on assault in the first degree." We affirm.

---

1. All further statutory references are to RSMo    1994 unless otherwise indicated.

The procedural history is as follows. On June 22, 1995, the City of St. Louis probate court found Defendant "mentally ill" under Chapter 632, ordering a ninety-day commitment for evaluation and treatment. The following day, June 23, Defendant assaulted Victim. On January 5, 1996, under Chapter 475, the probate court found Defendant "totally incapacitated by reason of schizophrenia, paranoid type." On March 26, 1996, Defendant was indicted for the June 23 assault. Relying upon the Chapter 475 probate finding, Defendant motioned for dismissal. Despite a finding under Chapter 552 that Defendant had the capacity to stand trial, the trial court dismissed the indictment on December 19, 1996. This court reversed the dismissal and remanded on October 7, 1997. See *State v. Moore*, 952 S.W.2d 812 (Mo.App. E.D.1997).

Viewed in the light most favorable to the verdict, evidence at trial revealed that on June 23, 1995, Defendant was a patient at Malcolm Bliss Mental Health Center. Upset because he was not being discharged when another patient was, Defendant cursed and threatened doctors. Defendant went into a bathroom and exited when he saw Victim walk past. Defendant grabbed Victim, a psychiatric resident, from behind by the neck and began to choke him. Defendant pulled Victim into the bathroom. Victim screamed for help. A "code yellow" was broadcast over the public address system. An emergency assistance call summoned staff members to assist Victim and subdue Defendant. Victim emerged from the bathroom with his torn tie in hand and red marks on his neck, his skin in this area broken and bleeding. Defendant was the only person in the bathroom with Victim when this occurred.

At trial, Defendant did not testify or present evidence. The jury found Defendant guilty of first-degree assault. Defendant's Motion for Judgment of Acquittal was denied. This appeal follows.

■ In his first point, Defendant addresses two issues. In the first part of point one, Defendant argues the trial court erred in overruling his Motion for Judgment of Acquittal because of the constitutional prohibition against subjecting an incompetent to trial. Defendant also contends probate court adjudications under Chapters 475 and 632 shifted the burden of proof to the State to prove beyond a reasonable doubt that he was competent to stand trial.

Defendant mistakenly relies on *Jackson v. Indiana*, 406 U.S. 715, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972), which addressed an equal protection challenge. The *Jackson* court held that standards for release of civilly committed persons could not be more lenient than standards for release of persons charged with criminal offenses. *Id.* The *Jackson* court did not suggest that civil commitment standards and standards for competency to stand trial must be the same.

■ Unlike Chapters 475 and 632, which pertain to civil commitment, only Chapter 552 deals with a defendant's capacity to stand trial. Section 552.030.6 clearly states that "a defendant is presumed free from mental disease or defect *unless he presents substantial evidence to the contrary.*" (Emphasis added.) Absent such showing and a subsequent commitment under Chapter 552, trial court jurisdiction over a person who is incompetent to stand trial shall only be suspended while a mental disease or defect endures. *Moore*, 952 S.W.2d at 814 (interpreting Section 552.020).[2]

**2.** The Missouri Supreme Court also indicated trial court findings under Chapter 552 are required before criminal charges can be dismissed. *State ex rel. Baumruk v. Belt*, 964 S.W.2d 443, 445 (Mo. banc 1998). Aside from this, *Baumruk* is inapplicable. In *Baumruk*, the trial court found defendant incompetent to stand trial after a Chapter 552 proceeding; charges were then dismissed based upon a Chapter 475 finding. In this case, Defendant was not found incompetent to stand trial under Chapter 552.

Further, commitment to a mental hospital for observation and diagnosis does not per se show mental disease or defect, make a defendant incompetent to stand trial, or prevent him from pleading guilty to a crime. *Chapman v. State*, 506 S.W.2d 393, 396 (Mo.1974).[3] Even proof that a prior court-ordered commitment has not been discharged does not conclusively demonstrate a defendant's lack of legal competency. *Id.*

In the second part of point one, Defendant argues the trial court erred in overruling his Motion for Judgment of Acquittal because he had been civilly committed for a ninety-day evaluation and treatment under Chapter 632 and later found "incapacitated" under Chapter 475 and was, therefore, outside the court's jurisdiction. This Court has already rejected this claim. *State v. Moore*, 952 S.W.2d 812.[4]

The proper method for challenging the rejected claim required Defendant to move for rehearing or transfer to the Missouri Supreme Court. Rule 30.26 and Rule 83.03. Failure to do so prohibits Defendant from raising this issue in the present proceeding. *State v. Rogers*, 820 S.W.2d 567, 570 (Mo.App. E.D.1991).

Defendant presented no evidence to suggest that when he assaulted Victim he lacked the mental capacity to form intent. Moreover, unlike the defendant in *Baumruk*, after the psychiatric exam pursuant to Chapter 552 was completed in November of 1996, Defendant was found competent to stand trial. Point denied.

In his second and third points, Defendant challenges the sufficiency of the evidence, contending the trial court erred in overruling his Motion for Judgment of Acquittal. Defendant claims the State failed to prove that he was the aggressor or that he possessed the requisite "culpable mental state" and intended to kill or cause serious physical harm to Victim.

In reviewing a challenge to the sufficiency of any evidence, we accept as true all evidence favorable to the State, including any favorable inferences drawn therefrom. *State v. Grim*, 854 S.W.2d 403, 405 (Mo. banc 1993); *State v. Dulany*, 781 S.W.2d 52, 55 (Mo. banc 1989). Review is limited to determining whether there is sufficient evidence from which a reasonable juror might find Defendant guilty beyond a reasonable doubt. *Id.*

Defendant alleges there was no evidence he choked Victim. However, testimony revealed he threatened the doctors, grabbed Victim from behind, put his hands around Victim's neck to choke him, and dragged Victim into a bathroom where they were its only occupants. Victim emerged with observable injuries. A reasonable juror could easily infer that Defendant choked Victim.

Defendant also contends the evidence was insufficient to show his intent. However, intent may be inferred from conduct that would tend to cause death or serious physical injury. *State v. Clark*, 914 S.W.2d 441, 443 (Mo.App. E.D.1996). Here, Defendant choked Victim with such force and for a long enough time that Victim's tie was torn and Victim's neck was injured. A reasonable juror could infer that Defendant intended to cause this harm.

---

3. Although a jurisdictional issue was not raised in *Chapman*, the trial court conviction was allowed to stand despite the civil commitment of Defendant prior to commission of the crime.

4. In his first appeal, Defendant argued that criminal charges against him should be dismissed because the probate division had ordered his commitment under Chapter 632 and appointed a guardian for him under Chapter 475. This Court recognized the specific language in Chapter 552 which provides for concurrent jurisdiction of the probate and criminal courts during proceedings under Chapters 632 or 475. It also noted that under Section 552.020.10(6), a trial court is not required to relinquish its jurisdiction, nor must criminal charges against an accused be dismissed until *"after a commitment as provided in this section."* (Emphasis added.) *State v. Moore*, 952 S.W.2d at 814.

Defendant further argues there was insufficient evidence of his intent because he was insane. However, Section 552.030.6 states that *"a defendant is presumed free from mental disease or defect unless he presents substantial evidence to the contrary."* (Emphasis added.) Defendant presented no evidence on this issue. Points two and three are denied.

■ In his fourth point, Defendant alleges the trial court erred because it refused to submit his requested jury instruction on diminished capacity. Defendant argues that Note 2 on Use of MAI–CR3d 308.03 provides for its mandatory submission if he requests it. However, submission of this instruction is mandatory only if requested by Defendant *"and if supported by evidence of mental disease or defect relevant to the existence of a required culpable mental state."* *Id.* (Emphasis added.) A trial court does not err when it refuses to submit this instruction if no evidence presented to the jury shows Defendant suffered from "mental disease or defect" as defined by Section 552.010. *State v. Foster*, 838 S.W.2d 60, 70–71 (Mo. App. E.D.1992).

■ Furthermore, the doctrine of partial responsibility is applicable to a defendant's capacity to form criminal intent. While its use will permit presumption of a lesser degree of guilt, it does not allow Defendant to avoid all responsibility for a crime. *State v. Strubberg*, 616 S.W.2d 809, 816 (Mo. banc 1981). Defendant could only avoid all criminal responsibility by pleading not guilty by reason of a mental disease or defect. *Id.*

Here, Defendant made a strategic choice not to present evidence. Defendant suggests the testimony of a nurse regarding discussion of possibly medicating Defendant is evidence that Defendant was mentally ill. In further support of this argument, Defendant refers to matters never presented to the jury regarding previous probate actions wherein Defendant was civilly committed under Chapter 632 and later adjudged "an incapacitated person" in need of an appointed guardian under Chapter 475. The evidence before the jury did not suggest Defendant suffered from mental disease or defect. The trial court did not err in refusing this instruction. Point denied.

■ In his final point, Defendant alleges the trial court erred in refusing his request to provide the complete pattern instruction on first-degree assault, including all mitigating language, as well as instructions on lesser offenses including self-defense. A trial judge is not obligated to submit verdict directors unless there is a basis in the evidence to do so. *State v. Fowler*, 938 S.W.2d 894, 898 (Mo. banc 1997); Section 556.046.2.

The evidence shows Defendant was upset because he found out another patient was being discharged and he wanted to be discharged. Defendant issued threats and later attacked Victim. This is not evidence Defendant acted under the influence of sudden passion arising out of adequate cause. The evidence also shows a discussion occurred regarding the possible medication of Defendant. This is not evidence Defendant involuntarily consumed drugs, nor is it evidence Defendant was under the influence of drugs while committing the offense.

The evidence shows Defendant was the initial aggressor. None of the evidence suggests Defendant did all in his power to avoid the use of force. Defendant is not entitled to a self-defense instruction. *State v. Nalls*, 835 S.W.2d 509, 513 (Mo. App. E.D.1992). The trial court did not err. Point denied.

Judgment affirmed.

KAROHL, J., dissents.

CRIST, Senior Judge, concurs.