STATE of Missouri, Plaintiff–
Respondent,

v.

Michael S. KNIGHT, Defendant–
Appellant.

No. SD 31155.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 23, 2011.

Ellen H. Flottman, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Judge.

Michael S. Knight ("Defendant") appeals his convictions for assault in the first degree, *see* section 565.050, and armed criminal action, *see* section 571.015.[1] He contends the trial court erred in refusing to give the jury both a diminished-capacity instruction and a lesser-included-offense instruction for assault in the second degree. Finding no such error, we affirm.

### Factual and Procedural Background

Defendant and the State stipulated that on July 9, 2006, Defendant stabbed Victim with a knife, he had Victim's blood on his hand, the vehicle in which the stabbing occurred had Victim's blood on the seats, and the knife recovered from the trash was the knife he used to cut Victim. Defendant was not contesting that he committed the stabbing, but the issue, rather, "is whether or not he understood the wrongful nature of the act at the time he committed the stabbing."

Psychologist Brian Petrovich testified for the defense that in his opinion, on the date of the offense, Defendant was suffering from bipolar disorder with delusional thought, progressing into schizoaffective disorder and when Defendant assaulted Victim and cut him with a knife, Defendant was delusional and did not understand what he was doing. On redirect, he further testified that Defendant was going to act on that delusion and did not appreciate or understand everything that he was doing, including the nature, quality, and wrongfulness of his actions.

The jury was instructed by verdict directors on assault in the first degree (knowingly caused serious physical injury) and armed criminal action. It was also instructed on Defendant's defense of not guilty by reason of mental disease or defect excluding responsibility. During the instruction conference, Defendant tendered, and the trial court refused, a diminished-capacity instruction in the following form:

INSTRUCTION NO. 6B

If you do not find and believe from the evidence that the defendant lacked

---

1. All statutory references are to RSMo.2000, unless otherwise indicated.

responsibility by reason of mental disease or defect, as submitted in Instruction No. ——, you may consider evidence that the defendant had or did not have a mental disease or defect in determining whether the defendant had the state of mind required to be guilty of assault in the first degree.

The term "mental disease or defect" means any mental abnormality regardless of its medical label, origin, or source. However, it does not include an abnormality manifested only by repeated antisocial conduct.

If, after considering all of the evidence, including evidence that the defendant did or did not have a mental disease or defect, you have a reasonable doubt as to whether [———————————], you must find the defendant not guilty of assault in the first degree as submitted in Instruction No. ——.

MAI–CR3d 308.03
Submitted by Defendant

Defendant also tendered, and the trial court refused, a verdict-directing instruction for assault in the second degree (recklessly caused serious physical injury), *see* section 565.060.1(3).

The jury returned verdicts of guilty of assault in the first degree and armed criminal action, and the trial court sentenced Defendant to twenty years' and ten years' imprisonment, respectively, to run concurrently to each other but consecutively to another charge for which Defendant was then serving a sentence. Defendant timely appealed.

On appeal, Defendant contends that the trial court violated his right to due process by refusing to instruct the jury on diminished capacity and assault in the second degree. He argues there was an evidentiary basis upon which the jury could have found that Defendant suffered from a diminished capacity to act knowingly, as required by assault in the first degree, but rather acted recklessly in accordance with the lesser-included offense of assault in the second degree "based upon his mental condition, even if they found that his mental disease or defect did not preclude a finding of responsibility."

### Standard of Review

In reviewing whether a trial court erred in failing to instruct the jury on a lesser-included offense, we review the evidence in a light most favorable to the defendant. A trial court is not required to give an instruction on a lesser included offense unless the defendant requests the instruction and there is a basis for acquittal on the greater offense. In order for there to be a basis for an acquittal of the greater offense, there must be some evidence that an essential element of the greater offense is lacking and the element that is lacking must be the basis for acquittal of the greater offense and the conviction of the lesser. Any doubt as to the propriety of submitting the instruction on a lesser included offense should be resolved in favor of submission of the instruction, leaving it to the jury to decide. Nevertheless, a lesser included instruction is not required in every case. A defendant is not entitled to an instruction on a lesser included offense unless the instruction is supported by evidence of probative value and inferences which logically flow from the evidence. A lesser included instruction need not be given unless a reasonable juror could draw inferences from the evidence presented that an essential element of the greater offense has not been established. Where the issue is whether a necessary mental element of the greater offense has been established, a lesser included

instruction need not be given if no rational fact finder could conclude that the defendant acted without the requisite mental state.

*State v. Lowe,* 318 S.W.3d 812, 816–17 (Mo.App.2010) (internal quotations and citations omitted).

### *Discussion*

■ We initially note that the trial court could not have committed any error in refusing to submit Defendant's diminished-capacity Instruction 6B because it did not comply with the Notes on Use of MAI–CR3d 308.03, as required by Rule 28.02(c).[2] That rule provides that "[w]henever there is an MAI–CR instruction or verdict form applicable under the law *and Notes On Use,* the MAI–CR instruction or verdict form shall be given or used to the exclusion of any other instruction or verdict form." Rule 28.02(c) (emphasis added). The fourth note under the MAI–CR3d 308.03 Notes on Use requires that "[t]he wording of the last paragraph must be based on the language of the verdict director and must fairly set out the mental element being conversed." This note gives four examples how a defendant may, in his or her discretion, choose to complete the blank in the last paragraph of the form.

Here, Defendant's proposed Instruction 6B did not comply with this requirement, but rather, he failed to specify in the last paragraph any mental element being conversed, choosing instead to leave a blank. This proposed instruction did not comply with the Notes on Use and as such was properly refused. *See State v. Wilkins,* 229 S.W.3d 204, 210 (Mo.App.2007) (skeleton form is not a proper instruction); *State v. Colson,* 926 S.W.2d 879, 883 (Mo.App. 1996) (refusal to give an erroneous instruction is not error).

■ Even if Instruction 6B had complied with the Notes on Use, the trial court did not err in refusing it and Defendant's proffered instruction for assault in the second degree because they were not supported by the evidence.

Although "not guilty by reason of mental disease or defect excluding responsibility" (NGRI) and "diminished capacity" are often confused, they are separate doctrines. This distinction is clearly set forth in the comments to the Missouri Approved Instructions relating to diminished capacity: "The use of evidence of mental disease or defect negating the existence of a required culpable mental state is not the same as the affirmative defense of lack of responsibility by reason of mental disease or defect. (See MAI–CR 3d 306.02)." MAI–CR 3d 308.03, Note 3. "Evidence of mental disease or defect negating a culpable mental state is simply evidence that the defendant did not have the culpable mental state that is an essential element of the crime." *Id.*

*State v. Walkup,* 220 S.W.3d 748, 754–55 (Mo. banc 2007). The submission of a diminished-capacity instruction "is mandatory only if requested by Defendant 'and if supported by evidence of mental disease or defect *relevant to the existence of a required culpable mental state.*'" *State v. Moore,* 1 S.W.3d 586, 590 (Mo.App.1999) (quoting Note 2 on Use of MAI–CR3d 308.03) (emphasis added). Thus, "the existence of a mental disease or defect will not alone suffice to diminish the defendant's criminal responsibility." *Nicklasson v. State,* 105 S.W.3d 482, 484 (Mo. banc 2003). Rather, the existence of a mental disease or defect must be linked to the existence of a required culpable mental state. Note 2 on Use of MAI–CR3d 308.03; *see Lowe,* 318 S.W.3d at 821.

**2.** All rule references are to Missouri Court Rules (2011), unless otherwise indicated.

Here, Dr. Petrovich, who gave his opinion about Defendant's mental condition, never testified Defendant lacked the requisite culpable mental state—knowingly caused serious physical injury—when he stabbed Victim. Rather, his testimony focused on and related to Defendant's NGRI affirmative defense, i.e., when Defendant stabbed Victim he "was incapable of knowing and appreciating the *nature, quality, or wrongfulness of [his] conduct.*" Section 552.030.1 (emphasis added); *see State v. Vivone,* 63 S.W.3d 654, 661 (Mo.App.1999). While his testimony supports the latter, it does not support that Defendant did not or could not know that stabbing Victim would cause serious physical injury.

In the trial court and in this court, the only evidence that Defendant points to purporting to link a mental disease or defect to the relevant culpable mental state is his "borderline intellectual functioning" due to his IQ of 74. But evidence of a low IQ has not been found sufficient by itself to support a finding of diminished mental capacity at the time of the charged offense. *See State v. Shaw,* 636 S.W.2d 667, 672–73 (Mo. banc 1982) (defendant had IQ of 73), *see also State v. Gill,* 806 S.W.2d 48, 50 (Mo.App.1991) (defendant had IQ of 80 and no evidence was presented that he suffered from a mental disease or defect).

In the absence of evidence supporting a causal link between Defendant's mental disease or defect and the inability of Defendant to form the requisite culpable mental state—knowingly caused serious physical injury—the trial court did not err in refusing to submit Defendant's proffered diminished-capacity instruction and, correspondingly, his proffered assault-in-the-second-degree instruction. Defendant's point is denied.

### *Decision*

The trial court's judgment is affirmed.

BURRELL, P.J., and RAHMEYER, J., concur.