NANCY STEFFEN RAHMEYER, J.
Dissenting Opinion Author
I respectfully dissent. The plain meaning of section 565.074.3[1]provides for two separate methods of enhancing the sentence. The first concerns a conviction within this State; the second for convictions in any “other” state. The “other” is implied by the sentence.
Our primary objective in interpreting section 565.074.3 is to discern the General Assembly’s intent from the plain and ordinary meaning of the statute’s words. See State v. Jones, 172 S.W.3d 448, 451 (Mo.App.W.D.2005). I begin by noting that the first clause of section 565.074.3, in explicit terms, authorizes enhancement of domestic assault in the third degree from a class A misdemeanor to a class D felony when a defendant has “pleaded guilty to or been found guilty of the crime of domestic assault in the third degree” more than two times. The statute, however, contains no reference to section 565.070 or the crime proscribed therein — assault in the third degree. “A standard rule of statutory construction is that the express mention of one thing implies the exclusion of another.” Groh v. Ballard, 965 S.W.2d 872, 874 (Mo.App.W.D.1998).
The State, however, asks us to construe the provision in section 565.074.3 concerning a violation of “any state law” to include violations of Missouri law., “Every word, clause, sentence and section of a statute should be given meaning, and under the rules of statutory construction statutes should not be interpreted in a way that would render some of their phrases to be mere surplusage.” State v. Graham, 149 S.W.3d 465, 467 (Mo.App.E.D.2004). Thus, to construe the provision in question as the State suggests, we would necessarily render the language preceding it — addressing domestic assault in the third degree under Missouri law — redundant. We must presume that the General Assembly does not enact meaningless provisions. State v. Moore, 952 S.W.2d 812, 813 (Mo.App.E.D.1997). Moreover, in my view, if the General Assembly intended to include assault in the third degree against a family or household member under section 565.074.3, they could have, like with other statutes, explicitly listed it therein. Cfi section 565.063.[2] To hold otherwise is to bring all other pleas under different statutes into question for enhancement purposes. Copher pled to third-degree assault, not domestic assault in the third degree. There are different elements to each crime and it was the State’s burden to prove each element beyond a reasonable doubt. It is improper for the State to *837 come in now and cite to the Amended Information to prove a conviction for a different crime. Therefore, I dissent.

. All references to section 565.074 are to RSMo Cum.Supp. 2011.

. All references to section 565.063 are to RSMo Cum.Supp. 2009. Section 565.063 concerns prior and persistent domestic violence offenders. As relevant here, the term “domestic assault offense” is defined in that statute as follows:
(a)The commission of the crime of domestic assault in the first degree or domestic assault in the second degree; or
(b) The commission of the crime of assault in the first degree or assault in the second degree if the victim of the assault was a family or household member,
(c) The commission of a crime in another state, or any federal, tribal, or military offense which, if committed in this state, would be a violation of any offense listed in paragraph (a) or (b) of this subdivision^]
Section 565.063.l(l)(a)-(c) (emphasis added).