

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| HUBERT L. HARRIS, | ) | ED110449 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| v. | ) | 2022-CC10485 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Steven R. Ohmer |
| | ) | |
| Respondent. | ) | Filed: April 18, 2023 |

Hubert Harris (Movant) appeals from the motion court's judgment denying his amended Rule 29.15[1] motion for postconviction relief following an evidentiary hearing. Movant raises two points on appeal asserting the motion court clearly erred by denying relief on his claims that (1) trial counsel failed to conduct an adequate mental health investigation in order to assert a diminished capacity defense, and (2) appellate counsel was ineffective for failing to claim trial court error in denying his motion to continue the trial to allow trial counsel additional time to investigate. We affirm.

## Background

On May 20, 2016, Movant shot and killed Robert Piffins (Victim) during an altercation at a gas station. The State charged Movant with first-degree murder, armed criminal action, and

---

[1] All rule references are to the Missouri Supreme Court Rules (2016).

unlawful possession of a firearm.[2]  The case proceeded to trial, and a jury convicted Movant of first-degree murder and armed criminal action.   The circuit court entered a judgment consistent with the jury's verdict, and sentenced Movant as a persistent offender to consecutive terms of life imprisonment without the possibility of parole for murder and 100 years of imprisonment for armed criminal action.  This Court affirmed the judgment on direct appeal.  *State v. Harris*, 604 S.W.3d 882 (Mo. App. E.D. 2020).

Movant timely filed a *pro se* motion for postconviction relief pursuant to Rule 29.15 and appointed counsel timely filed an amended motion alleging several claims of ineffective assistance of trial and appellate counsel.  The motion court held an evidentiary hearing and entered a judgment denying relief on all claims.  In relevant part, the motion court found trial counsel was under no obligation to conduct a mental health investigation because Movant's participation in his defense belied any claim there were sufficient indicia of mental illness to invoke trial counsel's obligation to further investigate his mental health status.  The motion court also found there was no credible evidence showing Movant suffered from a mental disease or defect which would support a viable diminished capacity defense.  Movant appeals.

## Discussion

Movant raises two points on appeal, alleging the motion court clearly erred by denying his claims both trial counsel and appellate counsel were ineffective.  His first point argues trial counsel was ineffective for failing to investigate whether he had a mental disease or defect to support a diminished capacity defense, and his second point alleges appellate counsel was ineffective for failing to challenge the trial court's denial of his motion to continue the trial due to newly discovered evidence.

---

[2] The State dismissed the unlawful use of a weapon charge.

2

*Standard of Review*

Rule 29.15(k) limits appellate review of a judgment denying postconviction relief to determining whether the circuit court's findings and conclusions are clearly erroneous. *McLemore v. State*, 635 S.W.3d 554, 559 (Mo. banc 2021). A judgment denying postconviction relief is "clearly erroneous when, upon review of the complete record, there is a definite and firm impression that a mistake has been made." *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021) (internal quotation omitted).

*Analysis*

A claim of ineffective assistance of counsel requires the movant to show by a preponderance of the evidence that counsel's deficient performance resulted in prejudice. *Anderson v. State*, 564 S.W.3d 592, 600 (Mo. banc 2018). Specifically, the movant must show: "(1) that counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) that counsel's deficient performance actually prejudiced the movant." *McLemore*, 635 S.W.3d at 559 (internal quotation omitted).

To show deficient performance, the movant "must overcome the strong presumption" counsel provided reasonable and effective representation. *Shockley v. State*, 579 S.W.3d 881, 892 (Mo. banc 2019). In addition, the failure to raise a non-meritorious argument on appeal will not support a claim of ineffective assistance of counsel. *Glover v. State*, 225 S.W.3d 425, 429 (Mo. banc 2007). In order to satisfy the prejudice prong, the movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Hefley*, 626 S.W.3d at 249. If the movant fails to establish either deficient performance or prejudice, "the claim of ineffective assistance must fail." *Moore v. State*, 659 S.W.3d 635, 639 (Mo. App. E.D. 2023) (internal quotation omitted).

*Point I*

Movant asserts the motion court clearly erred by denying his claim trial counsel was ineffective for failing to investigate whether he had a mental disease or defect to support a diminished capacity defense. Diminished capacity requires showing a "mental disease or defect" which negates the required culpable mental state for the crime charged. Section 552.015.2(8), RSMo 2000; *see also State v. Walther*, 581 S.W.3d 702, 707 (Mo. App. E.D. 2019). A finding of diminished capacity does not preclude criminal liability. To the contrary, diminished capacity "contemplates full responsibility, not partial, but only for the crime actually committed." *State v. Walkup*, 220 S.W.3d 748, 754 (Mo. banc 2007) (internal quotation omitted). Movant argues additional investigation would have resulted in an independent psychological examination that "could have formed an objective, scientific basis" for a diminished capacity defense negating the deliberation element of first-degree murder.[3]

The right to effective assistance of counsel does not require trial counsel to devote his or her limited resources to an investigation of the defendant's mental health in every case. *Zink v. State*, 278 S.W.3d 170, 181 (Mo. banc 2009). Rather, counsel has a duty to investigate only if "there is some suggestion that the defendant is mentally unstable." *Nelson v. State*, 372 S.W.3d 892, 895 (Mo. App. E.D. 2012); *see also Chapman v. State*, 506 S.W.2d 393, 395 (Mo. 1974) (explaining counsel has a duty to investigate when there is "some warning sign or suggestion of mental aberration"). Thus, there is no duty to conduct a mental health investigation when the defendant "appears to have the present ability to consult rationally with the attorney and understand the court proceedings." *Clayton v. State,* 63 S.W.3d 201, 209 (Mo. banc 2001).

---

[3] Harris also claims additional investigation would have led to the discovery of mitigation evidence to facilitate plea negotiations or to support a reduced sentence. Even if this claim was meritorious it is waived because it was not alleged in the amended motion. *McLaughlin v. State*, 378 S.W.3d 328, 340 (Mo. banc 2012).

4

This legal framework requires Movant to specifically allege and prove "the existence of a factual basis indicating a questionable mental condition that should have caused his attorney to initiate an independent investigation of [his] mental state." *State v. Carter,* 955 S.W.2d 548, 555 (Mo. banc 1997) (internal quotation omitted). Additionally, he must allege and prove the information a reasonable investigation would have revealed and how that information would have aided his defense. *Anderson v. State*, 66 S.W.3d 770, 776 (Mo. App. W.D. 2002).

At the evidentiary hearing, Movant testified he informed trial counsel of a childhood diagnosis of schizophrenia and attention deficit disorder and that he had been prescribed various psychiatric medications. Trial counsel testified that while he was aware Movant had participated in a drug court treatment program, he first learned of the alleged mental health issues following *voir dire*, when Movant's mother told him her son suffered from schizophrenia and bipolar disorder. However, the motion court specifically found the testimony from Movant and trial counsel was "not credible," and this Court defers to the motion court's credibility determinations. *Zink*, 278 S.W.3d at 192. Consequently, their testimony does not establish trial counsel had a reasonable basis to suspect Movant suffered from a mental health issue sufficient to invoke his duty to conduct a mental health investigation.

Movant also introduced Social Security Administration records to support his claim. Contrary to any assertion Movant suffered from a mental disease or defect sufficient to support a viable diminished capacity defense, those records show an administrative law judge (ALJ) terminated Movant's disability benefits based on a finding that although he had attention deficit disorder and personality disorder, he was no longer disabled as of May 1, 2008. This finding was based on a March 27, 2008, psychological examination diagnosing Movant with attention deficit disorder, oppositional defiance disorder, and borderline intellectual functioning. The psychologist

5

concluded Movant's mental health issues caused "antisocial behaviors" and "moderate difficulty" in social, occupational, and school settings, which were limiting but not disabling.

Critically, neither the Social Security records nor any other credible evidence in the record shows Movant suffered from schizophrenia or bipolar disorder as alleged in the amended motion. Moreover, Movant points to no fact undermining the motion court's finding that his participation in his defense belies any claim there were sufficient indicia of mental illness to invoke trial counsel's obligation to further investigate his mental health status. On this record, the motion court did not clearly err by concluding there was "no credible evidence" supporting Movant's claim. Movant, therefore, did not show trial counsel's performance was objectively unreasonable under the circumstances. *Shockley*, 579 S.W.3d at 892.

Movant's failure to show deficient performance is a sufficient basis to affirm the motion court's judgment. *Moore*, 659 S.W.3d at 639. However, even if trial counsel was deficient for failing to conduct a mental health investigation, the record unequivocally demonstrates that Movant was not prejudiced. In fact, there is no credible evidence substantiating his allegations of schizophrenia and bipolar disorder which leaves only the motion court's findings of attention-deficit and personality disorders. As established, the Social Security records show that eight years prior to the murder, Movant's personality disorders yielded "antisocial behaviors" causing "moderate difficulty" in adapting his conduct to social, occupational, and school settings. As the motion court correctly concluded, this evidence is insufficient to support a diminished capacity defense.

In relevant part, Section 552.010 provides:

The terms "mental disease or defect" include congenital and traumatic mental conditions as well as disease. ***They do not include an abnormality manifested only by repeated criminal or otherwise antisocial conduct***, whether or not such abnormality may be included under mental illness, mental disease or defect in some classifications of mental abnormality or disorder.

6

(Emphasis added). While the term "mental disease or defect" is not "intended to designate any specific form . . . or medical classifications of mental disease[,]" *State v. Garrett*, 391 S.W.2d 235, 239 (Mo. 1965),[4] the statutory definition expressly excludes disorders manifesting only as "antisocial conduct." This exclusion is fully consistent with the concept of diminished capacity, which focuses not on the defendant's conduct, but on the defendant's state of mind; namely, whether a mental disease or defect prevented formation of the culpable mental state for the charged offense. *See Walther*, 581 S.W.3d at 708. Thus, Missouri courts have consistently held personality disorders are typically insufficient to support a diminished capacity defense. *See eg., Walther*, 581 S.W.3d at 709 (holding evidence of "personality disorder" was not sufficient to show a mental disease or defect warranting a diminished capacity instruction). *See also Zink,* 278 S.W.3d at 182 (noting that when "personality disorders do not affect cognitive abilities, their mitigating value is doubtful"); *State v. Nash*, 972 S.W.2d 479, 482 (Mo. App. W.D. 1998) (noting personality disorders "are not considered mental diseases or defects under Chapter 552"); *State v. Reed*, 816 S.W.2d 919, 924 (Mo. App. E.D. 1991) (observing the evidence "revealed that defendant suffers from a personality disorder, but has no mental disease or defect").

In this case, the general rule applies because as established, there is no credible evidence showing Movant was diagnosed with any mental disease or defect, including schizophrenia or bipolar disorder as alleged in his amended motion. Moreover, the record is devoid of evidence showing Movant's attention or personality disorders rise to the level of a "mental disease or defect" negating his ability to deliberate before he fought with Victim and fired the fatal shot. The Social Security records Movant introduced expressly conclude his personality disorder resulted in "antisocial behaviors" or conduct, which is a type of conduct specifically excluded from the

---

[4] In *State v. Anderson*, 515 S.W.2d 534, 540 (Mo. banc 1974), the Court disapproved of other aspects of *Garrett* unrelated to the observation the term "mental disease or defect" is not limited to certain diagnostic nomenclature.

statutory definition of a "mental disease or defect."  Therefore, even if trial counsel had investigated further, Movant has not shown a reasonable probability that the results of an investigation would have yielded a viable diminished capacity defense.

Movant failed to show either element necessary to prove ineffective assistance of counsel. The motion court did not clearly err by denying relief on Movant's claim.  Point I is denied.

*Point II*

Movant asserts the motion court clearly erred by denying his claim appellate counsel was ineffective for failing to challenge the trial court's denial of his motion to continue the trial due to newly discovered evidence.  He argues that if appellate counsel had raised the issue on appeal, this Court would have held the trial court abused its discretion and reversed the judgment.

To show appellate counsel's performance was deficient, the "movant must overcome the strong presumption that appellate counsel provided adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Tate v. State*, 461 S.W.3d 15, 22 (Mo. App. E.D. 2015).  The "decision on a motion to grant a continuance lies within the sound discretion of the trial court." *Williams v. State*, 168 S.W.3d 433, 444 (Mo. banc 2005).  Therefore, to show the trial court abused its discretion, appellate counsel must demonstrate the trial court's denial of the continuance is "clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *State v. Carpenter*, 605 S.W.3d 355, 359 (Mo. banc 2020) (internal quotation omitted).

Trial counsel filed the motion on the second day of trial after *voir dire* when Movant's family allegedly informed him that Movant had been diagnosed with bipolar disorder and schizophrenia as a child.  In his amended motion for postconviction relief, Movant alleged the trial court granted counsel approximately one hour to gather information.  He further alleged that during

8

this time, a treatment court probation supervisor informed trial counsel Movant was diagnosed with bipolar disorder and had entered a treatment court program in June 2008 before being terminated from the program in 2009.

Movant has not shown there is any reasonable probability appellate counsel could have successfully appealed from the judgment by claiming the circuit court abused its discretion by denying the motion for continuance. Movant failed to elicit testimony from appellate counsel to rebut the presumption counsel made a reasonable decision to forego this claim. Furthermore, Movant presented no credible evidence he was ever diagnosed with bipolar disorder as alleged in the motion for a continuance. In fact, Movant's Social Security records reflect he was no longer disabled just over six years prior to Victim's murder and was subsequently terminated from the treatment court program in 2009. Nothing in the record supports his claim a continuance would have established a viable diminished capacity defense sufficient to change the outcome of the trial. Thus, there is no reasonable probability that appellate counsel could have successfully argued the trial court abused its discretion by denying his motion for a continuance.

Appellate counsel's decision against raising this non-meritorious claim on appeal was reasonable, did not constitute deficient performance, and did not result in prejudice to Movant. The motion court did not clearly err by denying relief on Movant's claim of ineffective assistance of appellate counsel. Point II is denied.

**Conclusion**

The judgment is affirmed.

_____
Lisa P. Page, Presiding Judge

Thomas C. Clark, II, J., and
Renée Hardin-Tammons, J., concur

9