COLLOTON, Circuit Judge,
concurring in the judgment.
The court’s seemingly straightforward analysis of exhaustion of state remedies makes no mention of the elephant in the room — this court’s problematic decision in Revels v. Sanders, 519 F.3d 734 (8th Cir. 2008). The district court’s ruling on exhaustion was premised on a dilemma created by Revels. It was an understandable effort to avoid the inefficiency and affront to federal-state comity that would arise from duplicative and simultaneous federal and state court proceedings to determine whether Lloyd Grass presently suffers from a mental illness. Although I agree with the court that Grass did exhaust state remedies on his claim for unconditional release, and that the judgment of dismissal must be reversed, the district court did have discretion to stay Grass’s habeas petition pending the ongoing state court proceedings, which are now finished. More fundamentally, I would reconsider Revels.
Revels v. Sanders involved a habeas petition by an insanity acquittee who sought unconditional release in Missouri. The governing Missouri statute provides that “[n]o committed person shall be unconditionally released unless it is determined ... that the person does not have, and in the reasonable future is not likely to have, a mental disease or defect rendering the person dangerous to the safety of himself or others.” Mo.Rev.Stat. § 552.040.9. While disclaiming any decision on the constitutionality of this statute, 519 F.3d at 744 n. 9, Revels rendered a significant aspect of § 552.040.9 effectively unenforceable by holding that a Missouri court unreasonably applied clearly established federal law when it denied unconditional release based on the statute. According to Revels, the state court unreasonably applied Foucha v. Louisiana, 504 U.S. 71, 112 S.Ct. 1780, 118 L.Ed.2d 437 (1992), by requiring the petitioner to establish that he is not likely in the reasonable future to have a mental disease or defect that makes him dangerous. Revels held that it is unreasonable to permit continued confinement unless the state court finds “present mental illness.” 519 F.3d at 743.
Revels produced an anomaly. The Supreme Court of Missouri has held that the statute on unconditional release is constitutional and consistent with Foucha. State v. Revels, 13 S.W.3d 293, 296 (Mo. 2000). A panel of this court held in Revels v. Sanders that a state court following the terms of the same Missouri statute unreasonably applies Foucha. The Missouri courts are bound to follow the state supreme court, see State v. Rottinghaus, 310 S.W.3d 319, 325 (Mo.Ct.App.2010); the federal district courts are bound to follow the federal court of appeals. This case illustrates the problem. The Missouri courts denied Grass’s petition for unconditional release based on his failure to establish that he was “not likely in the reason *587 able future to have a mental disease or defect rendering him dangerous to the safety of himself or others.” Grass v. State, 220 S.W.3d 335, 340 (Mo.Ct.App. 2007). The federal district court was then required by this court’s precedent to reject the state court’s conclusion and to apply a different legal standard that required inquiry into Grass’s present mental state. See Revels v. Sanders, 519 F.3d at 743 (“[T]he distinction between conditional and unconditional release is not material in light of Foucha’s governing legal principle.”) (internal quotation omitted).
The district court recognized the quandary and arrived at a pragmatic solution. Because the state court record on the petition for unconditional release included no finding about whether Grass suffered from a present mental illness, and because there was an ongoing proceeding on Grass’s petition for conditional release during which a state court likely would make that precise finding, the district court concluded that it “should allow the state to make this finding in the first instance.” Grass v. Reitz, 699 F.Supp.2d 1092, 1101 n. 4 (E.D.Mo. 2010). Although the chosen procedural device of dismissal was incorrect, the district court’s basic conclusion was sound. The district court was not required to initiate a parallel evidentiary proceeding in federal court to determine whether Grass suffers from a present mental illness for purposes of unconditional release. Even where a habeas petition presents only an exhausted claim, a district court has discretion in unusual circumstances to stay the petition pending resolution of a related claim in state court. See Nowaczyk v. Warden, N.H. State Prison, 299 F.3d 69, 78 (1st Cir.2002).
This case presents the sort of unusual situation in which that exercise of discretion is appropriate. When the Missouri Court of Appeals considered Grass’s case in 2007, it did not anticipate that this court in 2008 would hold in Revels v. Sanders that a state court decision applying the Missouri statute is an unreasonable application of clearly established federal law. The doctrine of comity favors allowing the Missouri courts to decide in the first instance whether Grass meets the standard that Revels v. Sanders imposed. Cf. Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Although the district court chose to dismiss the petition rather stay the action, either procedure would allow a state court to make an initial finding on Grass’s present mental state. While this appeal was pending, a Missouri circuit court found that Grass presently suffers from a mental disease or defect,[4] and that finding should be available to the district court on remand. See 28 U.S.C. § 2254(e)(1), (g); Revilla v. Gibson, 283 F.3d 1203, 1211 (10th Cir.2002) (“[W]e see no reason why the mere fact that the finding was made in the context of a different issue should dilute its otherwise dis-positive effect.”).
The more fundamental question, however, is whether the decision of the Missouri Court of Appeals to reject Grass’s claim *588 for unconditional release should stand on its own terms. The district court was bound by Revels v. Sanders to reject the legal standard applied in the state court decision. But in holding that the Missouri Court of Appeals unreasonably applied clearly established federal law as enunciated in Foucha v. Louisiana, the panel in Revels v. Sanders did not consider the concurring opinion of Justice O’Connor, who cast the fifth and deciding vote in Foucha. The concurring opinion “emphasize^] that the Court’s opinion addresse[d] only the specific statutory scheme before [the Court], which broadly permitted] indefinite confinement of sane insanity acquittees in psychiatric facilities.” 504 U.S. at 86-87, 112 S.Ct. 1780 (O’Connor, J., concurring in part and concurring in the judgment). Foucha did not require the court “to pass judgment on more narrowly drawn laws,” and Justice O’Connor specifically did “not understand the Court to hold that [a State] may never confine dangerous insanity acquittees after they regain mental health.” Id. at 87, 112 S.Ct. 1780 (emphasis added); see also id. at 87-88, 112 S.Ct. 1780 (“It might therefore be permissible for Louisiana to confine an insanity acquittee who has regained sanity if ... the nature and duration of detention were tailored to reflect pressing public safety concerns related to the acquittee’s continuing dangerousness.”). If one of the five Justices in the Foucha majority understood the decision to mean that there was no hard-and-fast rule that a State must release a dangerous insanity acquit-tee once he regains mental health, then it is not an unreasonable application of clearly established federal law for a state court to believe the same. See State v. Randall, 192 Wis.2d 800, 532 N.W.2d 94, 96 (1995) (explaining that “we read Foucha to permit the continued confinement of dangerous but sane acquittees in a mental health facility, so long as they are treated in a manner consistent with the purposes of their confinement”); State v. Tooley, 875 S.W.2d 110, 113 n. 4 (Mo.1994) (declining to decide “whether it would be constitutionally permissible to confine a sane person based on dangerousness alone,” but noting that “Justice O’Connor did indicate in Foucha that this may be constitutional.”); cf. Revels v. Sanders, 519 F.3d at 742 (“[T]he rule urged by the respondent, that a state may continue to hold an insanity acquittee who seeks unconditional release even if he is not presently mentally ill, must be rejected.”).
The Supreme Court of Missouri, considering the constitutionality of Missouri’s unconditional release statute, relied on the O’Connor concurrence to hold that the “statutory standard meets the holding of Foucha.” State v. Revels, 13 S.W.3d at 296. Revels v. Sanders never addressed this point. This court should not continue to render a significant aspect of the Missouri unconditional release statute unenforceable on federal habeas review without considering the narrower view of Foucha expressed in the concurring opinion. If Revels v. Sanders is not reconsidered, and the Supreme Court does not intervene, then we appear destined for a string of cases in which the state courts continue to apply the Missouri statute to petitions for unconditional release, only to have federal habeas courts demand a different factual and legal inquiry.

. The Missouri court found credible the testimony of Dr. Richard Gowdy that although Grass's "original symptoms could be in full remission, the duration of the earlier symptoms suggests they could re-emerge.” Grass v. State, No. 99CV155304, slip op. at 4 (Warren Cnty.Cir.Ct. Jan. 10, 2011); see United States v. Weed, 389 F.3d 1060, 1073 & n. 7 (10th Cir.2004) (upholding finding that insanity acquittee had a present mental defect even though he showed no symptoms); United States v. Murdoch, 98 F.3d 472, 476 (9th Cir. 1996); State v. Huss, 666 N.W.2d 152, 160 (Iowa 2003); see also State v. Nash, 972 S.W.2d 479, 483 (Mo.Ct.App.1998) (ordering release of acquittee, but emphasizing that “this is not a case where the mental disease or defect was in remission or was currently asymptomatic'').