# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1569

_____

Lloyd Grass

*Petitioner - Appellant*

v.

Robert Reitz

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: January 16, 2014
Filed: April 17, 2014

_____

Before WOLLMAN, GRUENDER, and KELLY, Circuit Judges.

_____

GRUENDER, Circuit Judge.

Lloyd Grass, who is an insanity acquittee committed to the custody of the Missouri Department of Mental Health, filed a petition under 28 U.S.C. § 2254, challenging the denial of his state-court application for unconditional release. His habeas petition was dismissed for failure to exhaust state remedies. We reversed the

dismissal and remanded for further proceedings. On remand, the district court[1] denied Grass's petition on the merits. Grass appeals from the district court's denial. We affirm.

## I. Background

The facts underlying this dispute are set forth in our prior opinion, *Grass v. Reitz*, 643 F.3d 579 (8th Cir. 2011), and the district court's memorandum and order, *Grass v. Reitz*, No. 4:07-CV-1726, 2013 WL 440572 (E.D. Mo. Feb. 5, 2013). We repeat the underlying facts here only as necessary to the instant appeal.

Grass stabbed his wife to death in October 1992, and the State of Missouri charged him with first-degree murder. After a mental evaluation in which Dr. Richard Gowdy diagnosed Grass with "Psychotic Disorder, Not Otherwise Specified ('NOS'), in Partial Remission," Grass entered a plea of not guilty by reason of mental disease or defect. The trial court accepted the plea, and Grass was committed to the custody of the Missouri Department of Mental Health pursuant to Mo. Rev. Stat. § 552.040.2. In 2004, Grass filed applications for both conditional and unconditional release. After a hearing, the Warren County, Missouri Circuit Court denied Grass's application for unconditional release but granted his application for conditional release. Both Grass and the State appealed. The Missouri Court of Appeals affirmed the denial of Grass's petition for unconditional release. *Grass v. State*, 220 S.W.3d 335, 340 (Mo. Ct. App. 2007). The court concluded that, even though the circuit court had found that Grass currently was not mentally ill or a danger to others, the denial of unconditional release was appropriate because sufficient evidence in the record demonstrated a likelihood that Grass could become psychotic and dangerous in the future. *Id.* However, based on its determination that the evidence was

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

insufficient to justify the circuit court's finding that Grass "is not now and is not likely in the foreseeable future to commit another violent crime," the Missouri Court of Appeals reversed the circuit court's grant of conditional release and remanded for a new trial. *Id.* at 344.

While the remand of his application for conditional release was pending in Warren County Circuit Court, Grass filed the present petition for writ of habeas corpus, challenging only the denial of his application for unconditional release. Grass argued that his continued confinement violated his due process rights because the absence of a finding by the circuit court that he currently suffers from a mental disease or defect required his unconditional release under *Foucha v. Louisiana*, 504 U.S. 71 (1992). The district court issued an order dismissing the habeas petition for failure to exhaust state remedies. Grass appealed the dismissal, arguing that the district court had erred in concluding that he had not exhausted his state remedies with respect to his petition for unconditional release.

On January 10, 2011, while Grass's federal appeal was pending, the Warren County Circuit Court denied Grass's claim for conditional release, finding that Grass had not shown that he was "not now and is not likely in the reasonable future to commit another violent crime" or that he was "unlikely to be dangerous to others while on conditional release." *Grass v. State*, No. 99-cv-155304, slip op. at 5, 6 (Mo. Cir. Ct. Warren Cnty. filed Jan. 10, 2011). The circuit court also found credible Dr. Gowdy's diagnosis and expert testimony as well as the testimony of Dr. John Lyskowski. Dr. Gowdy testified that Grass has not recovered from the mental illness with which he originally was diagnosed in 1994 after stabbing his wife and that, although Grass's original symptoms might be in remission, the duration of the earlier symptoms suggest they could re-emerge. He diagnosed Grass with Psychotic Disorder (NOS), Depressive Disorder (NOS), and Personality Disorder (NOS). Dr. Lyskowski, a psychiatrist who assumed regular care of Grass in January 2008, also testified that Grass has a Psychotic Disorder (NOS) and a Personality Disorder (NOS) with narcissistic and obsessive-compulsive features.

-3-

We reversed the dismissal of Grass's habeas petition, holding that Grass had exhausted his state remedies with respect to his application for unconditional release, and remanded the case to the district court to consider the merits of his petition. Upon remand, Grass moved for summary judgment. The district court denied Grass's motion for summary judgment and found that the subsequent Warren County Circuit Court's proceedings satisfied Grass's due process rights. Accordingly, the district court denied Grass's petition for habeas relief but granted a certificate of appealability on the merits of his due process claim. Grass timely filed this appeal.

On appeal, Grass first argues that the district court violated this court's mandate on remand by considering the Warren County Circuit Court's 2011 decision. Second, Grass argues that he is entitled to habeas relief because the Missouri Court of Appeals and Warren County Circuit Court violated his due process rights by placing on him an evidentiary burden that is contrary to clearly established federal law. In the alternative, Grass argues that he is entitled to habeas relief because the findings of the Warren County Circuit Court are unreasonable in light of the evidence presented in the proceeding.

## II. Discussion

As a preliminary matter, we reject Grass's contention that the district court exceeded the scope of our mandate by considering the Warren County Circuit Court's 2011 findings and decision. We review the scope of our mandate *de novo*. *Kennedy Bldg. Assocs. v. CBS Corp.*, 576 F.3d 872, 878 (8th Cir. 2009). Grass correctly notes that he had exhausted his state-court remedies when he originally filed his habeas petition and that the district court should have reached the merits of his habeas claim at that time. But Grass erroneously infers from this that, on remand, the district court could consider only the state-court proceedings that had occurred as of the original filing of his habeas petition. Our mandate did not prohibit the district court from

-4-

considering the Warren County Circuit Court's 2011 findings and decision. In fact, we invited the district court to consider them. *See Grass*, 643 F.3d at 583 n.2.

Even had we not invited such consideration, it would have been appropriate for the district court to consider the additional proceedings to determine whether Grass's continued confinement violates his due process rights. The writ of habeas corpus looks to the propriety of the petitioner's present confinement rather than to the legality of the confinement at some point in the past. *See Powell v. Florida*, 579 F.2d 324, 330 (5th Cir. 1978) (holding that, although insanity acquittee's initial commitment violated his due process rights by failing to determine whether he was currently mentally ill, he was not entitled to habeas relief on due process grounds where a subsequent hearing on his continued commitment held by the state court cured the due process violation). Thus, the district court properly considered the Warren County Circuit Court's 2011 proceedings when determining the merits of Grass's habeas petition. *See id.*; *cf.* 28 U.S.C. § 2254(e)(1), (g); *Revilla v. Gibson*, 283 F.3d 1203, 1211 (10th Cir. 2002) (holding that dispositive findings, even if made in a different legal context, should be considered to determine whether a constitutional violation occurred).

We next turn to Grass's argument that he is entitled to habeas relief because the state-court proceedings violated his due process rights by placing an evidentiary burden on him that is contrary to clearly established Supreme Court precedent. More specifically, he claims that the Missouri courts unreasonably applied *Foucha* by requiring him to prove both a lack of present mental illness and dangerousness and to show the absence of a probability of a future mental illness and dangerousness. "When considering the district court's denial of a habeas petition, 'we review the district court's findings of fact for clear error and its conclusions of law de novo.'" *Middleton v. Roper*, 455 F.3d 838, 845 (8th Cir. 2006) (quoting *Lyons v. Luebbers*, 403 F.3d 585, 592 (8th Cir. 2005)). "When a claim has been adjudicated on the merits in state court, habeas relief is warranted only if the state-court proceeding

resulted in (1) 'a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court,' or (2) 'a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Bucklew v. Luebbers*, 436 F.3d 1010, 1015 (8th Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1), (2)).

Grass argues that his case is materially indistinguishable from *Revels v. Sanders*, 519 F.3d 734 (8th Cir. 2008). In *Revels*, we held that the Missouri Court of Appeals unreasonably applied clearly established federal law when it denied Revel's unconditional release based on Mo. Rev. Stat. § 552.040. 519 F.3d at 743-44. We explained that *Foucha* allows for the continued confinement of an insanity acquittee only if he currently is both mentally ill and dangerous.[2] *Id.* at 741. Thus, we held that the Missouri Court of Appeals unreasonably applied *Foucha* by allowing for the continued confinement of an insanity acquittee based solely on his failure to demonstrate a lack of future dangerousness. *Id.* at 742. While Grass's application for unconditional release initially was denied on the same grounds under the same statute at issue in *Revels*, the district court determined that the Warren County Circuit Court, in its 2011 decision, also found that Grass currently suffers from a mental illness and presents a danger to others. Accordingly, the circuit court made the findings required by *Revels* to permit Grass's continued confinement. And unlike *Revels*, these factual findings are before us because our certificate of appealability is not so limited as that in *Revels*. *See id.* at 743. Therefore, *Revels* is distinguishable, and Grass's only remaining avenue for habeas relief is to demonstrate, by clear and convincing evidence, that the record does not support the Warren County Circuit Court's finding of current mental illness or current dangerousness. *See id.* (stating

---

[2]The burden of proof to demonstrate lack of mental illness or lack of dangerousness can be placed on an insanity acquittee without violating due process. *See Jones v. United States*, 463 U.S. 354, 357, 370 (1983) (upholding District of Columbia statute that places the burden on the insanity acquittee to prove by a preponderance of the evidence that he is no longer mentally ill or dangerous).

that had the factual findings of Revels's state-court proceedings been before us, "we would assume the correctness of the finding[s] and only reverse if Revels presented clear and convincing evidence that this was not the case"); *see also* 28 U.S.C. § 2254(e)(1).

We conclude that Grass has failed to meet this burden. "The factual findings of a state court . . . may be challenged in a § 2254 petition, but they are subject to an even more deferential review." *Kinder v. Bowersox*, 272 F.3d 532, 538 (8th Cir. 2001). "[A] determination of a factual issue made by a State court shall be presumed to be correct," 28 U.S.C. § 2254(e)(1), and Grass has the burden of rebutting this "presumption of correctness by clear and convincing evidence," *id.* "This deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations." *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Instead, a federal habeas court must conclude that the "state court adjudication 'resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding.'" *Kinder*, 272 F.3d at 538 (quoting 28 U.S.C. § 2254(d)(2)).

Although the Warren County Circuit Court did not explicitly find that Grass currently suffers from a mental illness, we are satisfied that through its express findings that Dr. Gowdy's testimony and diagnosis were credible and that the testimony of Dr. Lyskowski was credible, the Warren County Circuit Court implicitly found that Grass currently suffers from a mental illness. The presumption of correctness applies not only to express findings of the state court but also to implicit findings. *Ring v. Erickson*, 983 F.2d 818, 820 (8th Cir. 1992); *Crespo v. Armontrout*, 818 F.2d 684, 686 (8th Cir. 1987); *see also Wilson v. Thaler*, 450 F. App'x 369, 374-75 (5th Cir. 2011), *cert denied*, 1331 S. Ct. 81 (2012). Dr. Gowdy testified that Grass has not recovered from the mental illness with which he originally was diagnosed in 1994 after stabbing his wife. Dr. Gowdy also explained that while Grass's original symptoms might be in remission, the duration of the earlier symptoms suggest they

could re-emerge. Dr. Gowdy diagnosed Grass with Psychotic Disorder (NOS), Depressive Disorder (NOS), and Personality Disorder (NOS). Dr. Lyskowski also testified that Grass had a Psychotic Disorder (NOS). Grass argues that the circuit court's finding of current mental illness conflicts with the record because he is asymptomatic and because Dr. Gowdy even testified that his symptoms may be in full remission. However, symptoms and mental illness are not one in the same. *See United States v. Murdoch*, 98 F.3d 472, 476 (9th Cir. 1996) ("[Appellant's] argument erroneously focuses on the symptoms or side-effects of his mental disease rather than on the existence of the disease itself."). The fact that Grass may be asymptomatic does not preclude a finding of mental illness. *See id.*; *United States v. Weed*, 389 F.3d 1060, 1073 (10th Cir. 2004) (upholding district court's finding that petitioner had mental illness even though he "no longer shows symptoms of psychosis and meets no DSM-IV criteria for mental illness [because] the testifying doctors agree that [the petitioner] may still suffer from a condition not triggered since the time of the crime").

Additionally, Grass emphasizes that his expert, Dr. A. E. Daniels, concluded that he no longer has a mental illness. However, the circuit court explicitly found credible Dr. Gowdy's and Dr. Lyskowski's testimony, which conflicted with Dr. Daniels's testimony. The circuit court's credibility determinations are owed the same deference as their factual findings, *see Smulls v. Roper*, 535 F.3d 853, 864 (8th Cir. 2008), and Grass has not provided us with clear and convincing evidence that the circuit court's crediting of Dr. Gowdy's and Dr. Lyskowski's testimony over that of Dr. Daniels was unreasonable based on the record. Therefore, Grass has failed to rebut the presumption that the circuit court's implicit finding of current mental illness is correct.

Grass also has failed to rebut the presumption of correctness of the Warren County Circuit Court's express finding that Grass currently presents a danger to others. The circuit court found that Grass had not shown that he was "not now and

is not likely in the reasonable future to commit another violent crime against another person" or that he was "unlikely to be dangerous to others while on . . . release." *Grass*, No. 99-cv-155304, slip op. at 5, 6. Grass argues that in making its findings, the circuit court primarily relied on Dr. Gowdy's testimony, which does not provide sufficient support for a finding that Grass is dangerous. However, Dr. Gowdy testified that Grass's 2009 annual psychological assessment reported that Grass "does not accept . . . how he's prone to inappropriate anger when frustrated which presents a risk of some degree for danger to others." Dr. Gowdy also explained that "[t]he fact that [Grass is] able to keep [psychotic] symptoms from others makes it a more dangerous situation." Additionally, as discussed above, the circuit court found credible the testimony of Dr. Lyskowski, who assumed regular care of Grass in January 2008. Dr. Lyskowski explained to the court that Grass is "very demanding, very manipulative, and very intimidating." He further elaborated, stating that Grass is "very disruptive on the ward [as he is] . . . verbally abusive to staff, belittling them, cursing them, threatening to get them fired." Dr. Lyskowski also testified about how Grass displayed anger in their monthly sessions: "He would raise his voice. His face would get red. His veins would bulge. He always came to me with a freshly sharpened pencil. And in light of his . . . crime, that made me feel somewhat uncomfortable." Dr. Lyskowski told the circuit court that he kept the door open when meeting with Grass because he was frightened of Grass. Thus, the circuit court's conclusion that Grass failed to demonstrate that he does not currently present a danger to others was based on a reasonable determination of the facts in light of the record.

## III. Conclusion

For the aforementioned reasons, we affirm the denial of Grass's petition for habeas corpus.

_____